COVINGTON v. JOHNSON COUNTY.

DIXIE CULVERT & METAL COMPANY v. JOHNSON COUNTY.

Opinion delivered December 6, 1926.

1. COUNTIES—ORDERS CALLING IN COUNTY WARRANTS.—Orders with reference to calling in county warrants, under Crawford & Moses' Dig., §§ 1994-1998, must be made by the county court, and not by the county judge, and must be spread upon the record of such court.

2. COUNTIES—PROCEEDINGS OF COUNTY COURT.—The county court is a court of record, and its proceedings as such must be entered upon its record.

3. COUNTIES—ORDER CALLING IN COUNTY WARRANTS—APPEAL.—An order of the county court rejecting and canceling warrants as fraudulent or for any other purpose is a judgment from which the holder of such warrants adversely affected has a right to appeal.

4. COUNTIES—CANCELLATION OF WARRANTS.—An indorsement on county warrants, "canceled as fraudulent, August 11, 1917, C. H. Baskins, County Judge," *held* not to show that the county court adjudicated and ordered the warrants canceled.

5. COUNTIES—CALLING IN WARRANTS—EFFECT OF FAILURE TO ACT.—The effect of the failure of the county court to take action on warrants called in for reissue or cancellation is to toll the statute of limitations as to the reissue and redemption of such warrants.

Appeal from Johnson Circuit Court; *J. T. Bullock,* Judge; reversed.

*Webb Covington, pro se; Rogers, Barber & Henry,* and *Gannaway & Gannaway,* for Dixie Culvert & Metal Company, appellant.

*G. O. Patterson* and *Hugh Basham,* for appellee.

WOOD, J. The facts in these cases are substantially as follows: In 1916 the Dixie Culvert & Metal Company, hereafter called metal company, sold and delivered to Johnson County, Arkansas, certain road materials aggregating the sum of $4,167.25. In payment for the materials the county court issued to the metal company road warrants for the above sum. This was during the term of office of Judge J. J. Montgomery, county judge of Johnson County. In 1917 J. J. Montgomery was succeeded by C. H. Baskins, who had been elected county judge of Johnson County, and in the summer of that year the county court issued an order calling in all county warrants for cancellation and reissue. The metal company inquired of the county clerk to know if its warrants were included in the call, and was advised by him that such was the case. The metal company then sent in its warrants to the county clerk. On the face of each of these warrants was written in red ink the following: "Canceled as fraudulent, August 11, 1917, C. H. Baskins, County Judge." The signature was identified as that of Judge Baskins. The warrants were placed in a locked box, and the box then placed in the vault in the office of the county clerk. The metal company knew that the warrants had been thus marked canceled. Bartlett, the county clerk at the time this action was taken, notified its representatives of the action. Likewise, the clerk who succeeded Bartlett allowed the agents or attorneys of the metal company to look at the warrants. These warrants were kept by the successive county clerks in a lock-box separate from other warrants. No record was made on the records of the county court of Johnson County showing that the warrants were canceled as fraudulent, and that, for that reason, they were disallowed and not reissued. The material sold by the metal company to the county was received by the county

before the term of Judge Montgomery, who was county judge at the time of the purchase, expired. When his successor, Judge Baskins, went into office, the culverts were used on the roads and highways of the county, and some of them were used on the streets of Clarksville. Soon after the election of Judge Baskins, he employed Judge Basham and G. O. Patterson, attorneys, of Clarksville, Arkansas, to resist the payment of the warrants in controversy. Judge Baskins talked to Judge Basham, one of the attorneys employed by him, in regard to these warrants, and Judge Basham advised Judge Baskins not to bother anything about it until the time for the appeal was up, and that the order canceling the warrants was within the court's jurisdiction.

In February, 1924, the metal company, through its attorneys, Rogers, Barber & Henry, of Little Rock, filed with the county court its petition for the issuance, or reissuance and redelivery, of the warrants covering the amount claimed to be due the metal company in the sum of $4,167.25. This petition was afterwards presented to the court by Webb Covington, representing the metal company, at the request of Barber, one of the attorneys for the metal company. Judge Montgomery was the county judge at that time. The county court granted the prayer of the petition, and issued an order directing the reissuance of the warrants covering the amount due the metal company. The county clerk issued the warrant and placed the same in the hands of Webb Covington, who presented the same to the treasurer of the county for registration, and the treasurer, after registering the warrant, advised Webb Covington that funds for the payment of such warrant were on deposit in the Bank of Clarksville. Covington presented the warrant to the bank for payment, and the same accepted and paid. The bank issued a deposit slip to Covington, who passed the amount to his checking account. That occurred on Friday. On Monday thereafter, to-wit, on November 18, 1924, the prosecuting attorney for the judicial district including the county of Johnson filed a complaint

in the Johnson County Circuit Court, in which Johnson County, on relation of the prosecuting attorney, is designated as plaintiff, and the metal company, Bank of Clarksville, Ralph Walton, sheriff of Johnson County, and A. W. Covington, are named as defendants. After setting up substantially the facts as above set forth, the complaint alleged that the warrants were wrongfully, unlawfully, and fraudulently allowed and reissued, and unlawfully registered by the treasurer of the county, and that the payment of same would result in great and irreparable loss and damage to the plaintiff. He prayed that the treasurer of Johnson County be enjoined from paying said warrants. The order of the circuit judge recites that the petition was presented to him in his chambers at Russellville, on November 17, 1924, and, upon the hearing of the same, he directed the clerk of Johnson County Circuit Court to issue a restraining order restraining the defendants in the petition from doing anything whatever toward the payment or settlement of the pretended claim of the metal company against Johnson County, pending the appeal, and until the suit was determined or until further orders of the court.

Webb Covington, as attorney for the defendants, filed in the circuit court of Johnson County a motion to dissolve the injunction, setting up that the same was issued without notice to the defendants named in the petition and alleging that the court was without jurisdiction, under the facts stated in the petition, to issue the restraining order, and that the facts stated were not sufficient to state a cause of action against the defendants. In a separate answer or motion Webb Covington, for himself, set up substantially the facts as above set forth, and denied specifically all the allegations of the petition for injunction that were not specifically admitted, and prayed that the injunction be dismissed and that he have judgment for costs. After this, the prosecuting attorney and Webb Covington agreed in open court that, upon the filing of a bond by Covington with sufficient surety to protect the county, the injunction might be dissolved. Webb

Covington filed the bond with J. H. Brock as security, and the injunction was dissolved and the bank directed to pay over the funds in its hands to Webb Covington. The trial court, upon the above issues and facts, entered a judgment reversing the judgment of the county court of Johnson County allowing the claim of the metal company against the county, and disallowed such claim, and also rendered a judgment in favor of Johnson County against the metal company and Covington and Brock in the sum of $4,167.60, the amount found to be due under the terms of the bond filed by Covington and Brock.

On the 18th day of June, 1925, the metal company filed its motion to modify the judgment of May 14, 1925, by *nunc pro tunc* entry, so as to eliminate from such judgment the judgment rendered by the court in favor of Johnson County against the metal company on the bond in the sum of $4,167.60 given and signed by Covington as principal and Brock as surety. From the judgment in favor of Johnson County against Covington on the bond and also in favor of Johnson County against the metal company on the bond, both the company and Covington prosecute their appeals.

The procedure (c. 40, C. & M. Digest) for calling in county warrants in order to redeem, cancel, reissue, or classify the same, or for any lawful purpose whatever (§§ 1994-1998, inclusive), contemplates that all orders the court makes with reference to such warrants so called in shall be spread upon the record of the county court, because the orders pertaining to such called-in warrants are all orders to be made by the county court and not by the county judge. The warrants, when presented in obedience to such call, are presented to the court for its action, and not to the county judge. They are to be presented at the time required by the order of the court, not the judge, and when, in obedience to the order of the court calling in the warrants, they are presented to the court, it is the duty of the court, not the judge, to thoroughly examine the same and to reject all such evidences of indebtedness as, in its judgment, the county

is not justly and legally bound to pay, subject to appeal to the circuit court. The county court is a court of record, and its proceedings as a court must be entered upon its record. An order of the county court rejecting and canceling warrants as fraudulent, or for any other purpose, is a judgment of the county court, from which the party holding the warrant adversely affected by the order has the right to appeal. Section 2009 of C. & M. Digest provides: "If, upon adjudication of any warrant by the county court, it shall be found to·have been fraudulently or wrongfully issued, without due authority from said court, *the court* shall indorse such fact thereon, and cause it to be deposited, without renewal, in the office of the clerk of said court."

There was no formal plea of the statute of limitations nor of *res judicata* set up in the case, and, if such pleas had been entered, they could not avail under the undisputed evidence, which shows that no order of the court was ever made canceling the warrants of the metal company. The order of the county court calling in the county warrants for reissue gave the county court of Johnson County jurisdiction to cancel these warrants. See *Johnson County* v. *Patterson,* 167 Ark. 296. But there is nothing in this record to show that the county court, as such, adjudicated and canceled the warrants in controversy. The mere indorsement on the face of the warrants, "Canceled as fraudulent, August 11, 1917, C. H. Baskins, County Judge," does not show that the county court adjudicated and ordered the warrants canceled, pursuant to §§ 1998 and 2009 of C. & M. Digest *supra.* Such indorsement by the *county judge* was not tantamount to a judgment of the *county court* canceling these warrants for fraud. Hence these warrants, so far as this record discloses, were outstanding and valid warrants at the time the petition was presented to the county court in 1924 for their reissue. The undisputed evidence in this record is to the effect that these warrants originally were issued in payment of a valid claim against the county. The metal company presented its warrants, in compli-

ance with the order of the county court calling in warrants for redemption, cancellation, reissue, or classification. The failure of the county court to take any action on these warrants, either to cancel and reissue same if found to be valid, or to reject and cancel the same if, for fraud or any other reason, found invalid, and to enter judgment on its record showing what was done by the court in the premises, had the effect of tolling the statute of limitations as to the reissue and redemption of the warrants.

The case of *Johnson County* v. *Patterson, supra,* does not dispose of the issues here at all. The theory of counsel for appellee that the issues here presented were settled by that case cannot be sustained. True, that was a suit against the county by attorneys on a contract entered into by them with the county to resist this particular claim and to prevent, if possible, the reissuance and payment of the warrants in controversy. On the facts there presented we held that the county was liable on its contract. The parties were different from the parties now before the court, and the issues were entirely different, and that case has no application to the facts in this record.

It is unnecessary for us to enter upon a determination of the question as to whether or not the circuit court had jurisdiction to render a judgment awarding the injunction, and thereafter a judgment on the bond growing out of that proceeding. For, if we treat the proceeding here as an appeal from the judgment of the county court allowing the claim and directing the reissuance of the warrants, which we have done, the undisputed facts of this record show that the judgment of the trial court was erroneous. The judgment is erroneous in any view of the case, and it is therefore reversed, and the cause is remanded with directions to the trial court to enter a judgment affirming the judgment of the county court in directing the issuance of a warrant to the metal company for the payment of its judgment against Johnson County.